```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                  :
TBH BRAND HOLDINGS LLC,                           :
                                                  :
                        Plaintiff,                :
                                                  :         24 Civ. 3470 (JPC)
          -v-                                     :
                                                  :              ORDER
SEAM SEAL INTERNATIONAL LLC,                      :
                                                  :
                        Defendant.                :
                                                  :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

      Plaintiffs filed their Complaint on May 7, 2024, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship under 28 U.S.C. § 1332.  Dkt. 5.  According to the Complaint, Plaintiff TBH Brand Holdings LLC ("TBH") is a limited liability company organized and existing under the laws of New York with its principal place of business in New York.  *Id.* ¶ 1.  The Complaint further alleges that Defendant Seam Seal International LLC ("Seam") is "an Alabama Limited Liability Company having a principal place of business" in Alabama; presumably this is meant to allege that Seam is a limited liability company organized and existing under the laws of Alabama.  *See id.* ¶ 2.

      A limited liability company ("LLC") takes the citizenship of its members.  *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Brady v. IGS Realty Co.*, No. 19 Civ. 10142 (PAE), 2020 WL 5414683, at *10 (S.D.N.Y. Sept. 8, 2020).  A complaint premised upon diversity of citizenship must therefore allege the citizenship of natural persons who are members of an LLC as well as the place of incorporation and principal place of business of any corporate entities that are members of the LLC.  *See Handelsman*, 213 F.3d at 51-52; *see, e.g.*, *New Millennium Cap. Partners, III, LLC v. Juniper Grp. Inc.*, No. 10 Civ. 46 (PKC), 2010 WL

1257325, at *1 (S.D.N.Y. Mar. 26, 2010).  Here, the Complaint alleges only the states of "the principal place[s] of business" for TBH and Seam, each of which are alleged to be LLCs.  It does not allege the citizenship of any of their members, as is required for purposes of diversity jurisdiction.

Accordingly, by May 15, 2024, Plaintiff shall amend its Complaint to allege the citizenship of each of the Plaintiff LLC's and Defendant LLC's members.  If Plaintiff fails to amend the Complaint by that date, or otherwise properly establish this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), the Court will dismiss this action for lack of subject matter jurisdiction without further notice.

SO ORDERED.

Dated: May 8, 2024
      New York, New York

                            JOHN P. CRONAN
                       United States District Judge